Per Curiam.

Two questions only have been made by the counsel in the argument of this cause. 1. Whether it be necessary in a declara - tion in assumpsit, to set out the consideration of the undertaking or promise. 2. Whether a suit can be maintained upon a note for the delivery of property on demand, before a demand made. At common law, a valuable consideration is of the very essence of the contract.
Where the contract is by deed, it is not necessary to set forth the consideration upon which it is founded, as the law in that case implies a consideration where none is stated. 7 T. R. 457. A consideration is also; implied upon bills of exchange, and promissory notes; but in all other cases, the consideration not being implied, must be stated in the declara-, tion. 1 Tidd. 379. The writing which constitutes the basis of the first count is neither a deed, nor a bill of exchange, nor a promissory note; a-consideration ought therefore to be stated in the declaration. The omis-, sion to do it is a fatal defect not cured by the finding of the jury. The law has been long settled, that when the contract 'is founded upon a precedent debt or duty, as in the case of a bond, single bill, or for money lent &c. of is for the payment of a collateral sum, on a day certain, or; otherwise than upon request, or the debt or duty arises immediately upon tire performance of the consideration, then it is not necessary to allege- a special request, but scepius requisilus, is sufficient; but, when the con-, tract is to pay a collateral sum, upon request, then the request being parcel, of the contract, and as it were a condition precedent, ought to be specially, alleged, so where the contract is to deliver any onerous property, on. demand, and no time or place for the delivery is specified, in the agreement, a special demand must be alleged. In all cases in which it is necessary to allege a special demand, it is equally necessary, on the trial, to prove- *30 it. la this caso a special demand was necessary; and as it was not proved, the evidence was not sufficient to support the verdict. Upon the fourth assignment of errors, we give no opinion, since upon the first the judgment must be reversed.
Judgment reversed.